sumed to be beneficial to the enjoyment of the property, by devoting its use to a specific purpose, which its location renders desirable, with a consequent enhancement in value. It may be that the presumption will fail, but it has never been supposed that such covenant was possessed of other effect than to restrict the use of the land in the manner prescribed, and give the legal right to insist upon its observance by all others whose lands are subject thereto. It would be a startling innovation on the effect of such a covenant to hold that its breach by wrongful act could work the result of incumbering all the other land. We find no ground upon which to support such a contention. The plaintiff offered to pay the contractor for changing the heaters, if the defendant would execute the contract. But the defendant refused to carry out the contract, whether this sum was paid or not; and it is quite evident from all the testimony that he proposed to avoid the contract, and not fulfill its terms. There does not appear to be any equity in the defendant's position. He made a fair contract, and now seeks to avoid it by the interposition of unsubstantial excuses of matters of which he undoubtedly had notice when he made the agreement. It is quite probable that the plaintiff would have paid the sum required if the defendant would, upon payment, have fulfilled upon his part. However this may be, the judgment protects the defendant in this respect, and requires payment as a condition of the conveyance, so he cannot suffer, and the discretionary power of the court in this regard was well exercised. Bennet v. Bennet, 10 App. Div. 550, 42 N. Y. Supp. 435.

The judgment is right, and should be affirmed, with costs. All concur.

---

(20 App. Div. 539.)

### RAY v. NEW YORK BAY EXTENSION R. CO.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

RES JUDICATA.
In an action for an injunction, judgment was duly granted against the defendant, who did not appeal from it, but disobeyed its commands. *Held* that, in a proceeding to punish him for contempt, the judgment was res judicata, and that he could not attack its validity.

Appeal from trial term.

Action by Flora L. Ray against the New York Bay Extension Railroad Company. Judgment for plaintiff. From an order adjudging defendant guilty of contempt of court, and imposing a fine, it appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William J. Kelly, for appellant.
M. E. Harby, for respondent.

GOODRICH, P. J. The complaint in this action alleged that the plaintiff was lawfully seised and possessed in fee simple absolute of certain premises in Hempstead, on Cedar avenue. The premises were prior to March, 1877, owned by one Seeley, who conveyed the

same to one Ransom, by a deed which contained a covenant that Cedar avenue, being 60 feet in width, should be opened as a street, and that the grantee, his heirs and assigns, should enjoy the privilege of using the same forever. In 1884, after several mesne conveyances, the premises were conveyed to the plaintiff, and the deed contained no covenant in respect to the use of Cedar avenue, but contained the following clause: "Together with the lands forming the streets and avenues opened, or to be opened, lying and being in front of or adjoining said premises." In 1892 the defendant constructed its railroad across Cedar avenue in such a manner as to incumber the plaintiff's access to and enjoyment of the premises, causing damage, as the plaintiff claimed, of some $6,000. The action was tried at special term, and the court decided that Cedar avenue did not appear to be a public highway, but that the plaintiff owned the fee to the middle line of the avenue, and that the defendant's embankment was a serious obstruction and a nuisance, and directed judgment for the sum of $500, damages sustained up to the time of the trial of the action, and for its removal, and enjoined the defendant from maintaining the embankment in Cedar avenue unless it should pay the plaintiff, within 60 days after notice of entry of the judgment, the sum of $2,000, or unless, within the time aforesaid, it should construct across such embankment a proper farm crossing for the use of the plaintiff, over or under the railroad, and, within 60 days, institute condemnation proceedings to acquire the land of the plaintiff in said street. The defendant paid the judgment, and erected a suitable farm crossing, but did not institute condemnation proceedings, and did not remove the embankment.

The plaintiff commenced the present proceeding to punish the defendant as for a contempt in failing to obey the mandate of the court, and an order was subsequently made by the court inflicting a fine of $250. No appeal was taken from the judgment of the special term, and that judgment is res judicata. It finds that the plaintiff was the owner of the fee, and that the defendant was guilty of erecting an obstruction and nuisance upon the premises, and directs its removal unless the defendant should institute proceedings in condemnation. The defendant has disobeyed such order, and cannot be heard to dispute its validity.

The order is affirmed, with costs. All concur.